# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BRIAN K. REINBOLD,                          )
                                            )
      Plaintiff/Appellant             )   C. A. No. N25A-01-003 CEB
                                            )
                                            )
                                            )
      v.                              )
                                            )
COMCAST CABLE                               )
COMMUNICATIONS, LLC                         )
(INCORRECTLY IDENTIFIED AS                  )
XFINITY/COMCAST),                           )
                                            )
      Defendant/Appellee.             )

Submitted: August 12, 2025
Decided: September 16, 2025

## **ORDER**

1.     Brian Reinbold ("Reinbold") appeals a ruling by the Court of Common Pleas dismissing his Complaint against Defendant Comcast Cable ("Comcast") after a non-jury trial held in that Court in January, 2025. Apparently the gist of the Complaint was that he believed he had terminated the services of Comcast and return the Comcast equipment but Comcast continued to bill him despite this. The reasons for the Court's dismissal are not before the Court on this appeal. Rather, Reinbold

raises numerous procedural disputes in his pro se appeal. For the reasons that follow, the ruling below is affirmed and the appeal is dismissed.

2. In Appellant's "Open for Appeal," which the Court will take to mean his Opening Brief, Reinbold makes a total of 7 arguments, none more than 2 sentences long, but nonetheless requiring the Court's searching review of the record below to provide a final resolution to this dispute. As this is the Court's lot, we will undertake that review now.

3. In argument number 1, Reinbold says the Court "did not affect service/mailings after the Civil Case Management Order was sent except for emails to schedule and notify of a day and time for a tele-conference requested by the Court."[1]

4. Reinbold does not complete whatever thought was started here. Clearly, a Case Management Order was put in place, dated September 6, 2024, clearly Reinbold was in attendance for the conference over the Order, and clearly some dates for the progress of the case were set.[2] He does not allege any harm done

---

[1] Appellant's Opening Br., D.I. 27, ¶ 1.

[2] The CCP docket entries reflect that Reingold filed his proposed Case Management Order on Sept. 4, 2024 and that he was present for the office conference in CCP on Sept. 6 when the Case Management Order was signed by the Court. He attended motions practice in the Court on November 8 and the trial on January 6, 2025. He was not defaulted for any pleading during this time and it thus appears he was provided appropriate notice and responded to it.

by whatever he believes the Court did wrong and thus his complaint cannot be a basis for relief.

5.      For argument number 2, Reinbold says the Court unilaterally extended the time for issuing subpoenas from 15 to 20 days but did not notify him and this "severely limited the plaintiff in questioning and presenting evidence and testimony of the action filed."[3]

6.      A reading of the Complaint in CCP reveals that Reinbold was upset because he said he cancelled his Comcast television service, returned the equipment, but he was still billed for services for some time thereafter.[4]  The reference to issuing subpoenas and being limited in his presentation is a little harder to follow.

7.      Trial was to be on January 9, 2025.  On 12/26/24, the CCP docket reflects a request by Reinbold to issue subpoenas to 6 high ranking Comcast executives by serving them at the law offices of Comcast's litigation counsel in this matter.[5]  Litigation counsel refused service and asked Reinbold to withdraw the subpoenas.  Reinbold refused, so counsel moved to quash them and the Court did so.[6]  So it is true that the Court limited Reinbold's access to the CEO of Comcast,

---

[3] Appellant's Opening Br., D.I. 27, ¶ 2.
[4] Pl.'s Compl., CCP Docket Entry 02/01/2023 08:55:33.
[5] CCP Docket Entry 12/26/2024 14:57:02.
[6] Order Granting Def.'s Mot. to Quash and/or Protective Order, CCP Docket Entry 01/09/2025 15:32:55.

but there is no record at all that said CEO knew the first thing about Reinbold's bills or equipment return. There is no record anywhere exposing what Mr. Reinbold thought these witnesses would say or how their proposed testimony would further his cause. This argument is unavailing.

8. Argument number 3 is that the Court granted Comcast's motion to compel discovery and awarded attorney fees to Comcast even though he had answered the discovery in a timely fashion.[7]

9. Without going too far down the rabbit hole, it appears that Reinbold failed to timely meet a discovery deadline. He finally provided answers to interrogatories, but Comcast found the answers incomplete and insufficient. Comcast moved to compel.[8] The trial judge wrote a brief Opinion on January 9, 2025, explaining that the Court had found that Reinbold had failed to comply with Defendant's discovery request or provide timely responses and, consistent with CCP Rule 37, ordered counsel fees.[9] Although Reinbold protested, no evidence was presented that he had complied with the deadline or that his answers were complete.

---

[7] Appellant's Opening Br., D.I. 27, ¶ 3.
[8] *See* Def.'s Mot. Compel, CCP Docket 10/07/24 15:44:40.
[9] Order Awarding Att'y's Fees and Costs, CCP Docket 01/09/2025 19:06:50; CCP Civ. R. 37(a)(1)-(2).

The trial court followed the mandate of CCP Rule 37 and was properly within its discretion in imposing the sanction.

10. Argument number 4 is again about discovery and says that on January 3, 2025 the Court "wrote that the court "construed" the motion for discovery filed by the plaintiff but later in a letter dated February 24, 2025 dismissed the motion without a hearing or arguments."[10]

11. The "construed" reference is to the trial judge's letter to Reinbold dated January 3 addressing his "Motion for Discovery under Court of Common Pleas Rule 34."[11] The Court said that it "construed" his "motion for discovery" as a request for discovery from the Defendant. The Court noted that "court intervention is not required to make discovery requests to the opposing party."[12] As far as the Court was concerned, there was nothing before the Court requiring a ruling and so it did not do so.[13] That is not reversible error.

---

[10] Appellant's Opening Br., D.I. 27, ¶ 4.

[11] Letter from the Honorable Monica Horton Directed to Pl., CCP Docket 01/03/2025 16:59:19.

[12] *Id.*

[13] In any event, by the terms of the scheduling order, all discovery was to have been completed by November 22, 2024, so a "motion for discovery" filed in late December or January was procedurally barred anyway.

12. Argument 5 says that the Court gave conflicting dates about the close of discovery: one being November 22 in the Case Management Order and somewhere else being December 6, 2024.[14]

13. Reinbold does not identify where he got this December 6 date and it is not the Court's job to go find it. If he was confused, he should have asked for clarification. Assuming there were conflicting dates stated somewhere, he does not explain what he did about it or how it affected him or his lawsuit. Finding no prejudice, the Court will not address the matter further.

14. Argument 6 is that he requested a continuance of the trial on January 8 – on the eve of trial – but the judge would not do so.[15] While muddled, the Court "construes" his argument to be that he did not get a chance to further dispute the subpoenas to the Comcast executives or further flesh out his discovery disputes with Comcast before trial.

15. The deadlines were set well in advance. Perhaps they were tight – this is a busy court with a heavy docket of modest size disputes. That complaint should have been made when the schedule was set or, at a minimum, when the deadline was approaching and he had outstanding discovery issues. He did neither. He waited

[14] Pl. Opening Br., D.I. 27, ¶ 5.
[15] Appellant's Opening Br., D.I. 27, ¶ 6.

until the eve of trial. That is too late to do anything but get your witnesses ready and pick out a tie to wear to court. This argument is unavailing.

16. Argument 7 is that on the day of trial, the Court announced that it would not deal with Defendant's motion to quash the plaintiff's Comcast executives' subpoenas.[16] Plaintiff says he had not seen Defendant's motion to "squash" and the Court told him he could read it in the clerks' office if he wished.

17. So the complaint is that he hadn't seen the motion that the Court said it was not ruling on. In other words, before ruling on Comcast's motion to quash, Reinbold would have time to read it. When service was attempted, Comcast's counsel had already refused to accept it, the subpoenas were returned "*non-est*," so Reinbold had no reason to expect that the CEO of Comcast was going to suddenly appear in CCP and explain why Reinbold kept getting bills after he terminated his service. Whether the Court quashed the subpoenas, or the witnesses weren't served, or simply did not appear, the effect is the same: no witnesses. No witnesses, no reason to rule on a motion to quash a subpoena that was never served.

18. Those are all of Reinbold's arguments. The Court finds none of them availing and so affirms the ruling of the Court of Common Pleas.

---

[16] *Id.* at ¶ 7.

**THEREFORE, IT IS HEREBY ORDERED** that the decision of the Court

of Common Pleas is **AFFIRMED**.


**/s/ Charles E. Butler**

Charles E. Butler, Resident Judge

cc:  Prothonotary
      Brian K. Reinbold
      Donald R. Kinsley, Esquire
      Paul A. Bradley, Esquire